630 So.2d 351 (1994)
In re GANNETT RIVER STATES PUBLISHING CORPORATION and Gulf Publishing Company, Inc.
No. 93-M-1027.
Supreme Court of Mississippi.
January 13, 1994.
Terryl K. Rushing, Leonard D. Van Slyke, Jr., Alston Rutherford Tardy & Van Slyke, Jackson, Henry Laird, Robert P. Myers, Jr., Mize Blass Lenoir & Laird, Gulfport, for petitioner.
*352 Michael C. Moore, Atty. Gen., James F. Steel, Deputy Atty. Gen., Geoffrey C. Morgan, Charlene R. Pierce, Sp. Asst. Attys. Gen., Jackson, Kosta N. Vlahos, Circuit Judge, Biloxi, William S. Boyd, III, Eaton & Cottrell, Gulfport, for respondent.
En Banc.
SMITH, Justice, for the Court:
Once again this Court is called upon to revisit an issue which continues to arise from conflicts between the First Amendment constitutional right of the public and press to freedom of access to and information from criminal proceedings and the defendant's Sixth Amendment constitutional right to a fair trial.
This matter came before the Court on Gannett River States Publishing Corporation's and Gulf Publishing's petition for extraordinary relief arising out of the voir dire process in the capital murder trial of Donald Leroy Evans. The circuit judge conducted individual sequestered voir dire of prospective jurors outside the courtroom during a portion of the jury selection process. Petitioners objected to the closed proceedings.
This question of closed proceedings has most often arisen in capital murder cases. These cases, due to the heightened scrutiny which must be employed, require that trial judges exercise greater caution and care in dealing with the constitutional rights of all those involved, including not only the defendant, but also the press and the public. The rights of the defendant are paramount to all others of course, but the First Amendment rights of the public to be fully informed is significant and must also be absolutely safeguarded. Balancing these constitutionally guaranteed rights is a formidable task for the trial judge. Many significant factors tend to affect this situation. The enormous costs in public funds and emotions of the participants, victim's families and defendant's families, require that trial judges clearly articulate the reasons and considerations which go into each of their decisions affecting the trial. When trial judges apply correct legal precedent to these difficult cases at trial level and provide this Court with a thorough and comprehensive record of the reasoning of their decisions, the results are expedited and improved decisions by this Court. While this requires extra time and effort of a trial judge, this is what the job demands and may ultimately prevent additional costs and the necessity of retrial or additional appeals such as this one. Unfortunately, the trial judges must fulfill these obligations without adequate support staff or facilities. The bottom line to all this is: unless this Court has before it a record and findings by the trial judge clearly setting forth the factual and legal basis for the court's decision, this Court cannot support the actions of the trial judge.
In the case sub judice, in closing this portion of the jury selection process to the public, the judge did not follow the procedure this Court mandated in Gannett River States Pub. Co. v. Hand, 571 So.2d 941 (Miss. 1990).
Although the trial has been completed, this Court will address the questions raised since this is a matter which is "capable of repetition, yet evading review." U.S. v. Edwards, 823 F.2d 111, 114 (5th Cir.1987). At issue is whether a closure hearing pursuant to Hand is necessary prior to closure.
There is no dispute between the parties regarding the proper procedure for preclosure hearings as found in Hand. There is no dispute regarding the petitioners' right, as representatives of the news media, to intervene and contest closure. See Mississippi Publishers Corp. v. Coleman, 515 So.2d 1163, 1164-65 (Miss. 1987) ("It is well settled that representatives of the news media have standing to contest court orders restricting public access to legal proceedings.") There is also no dispute that the trial court conducted individual voir dire outside the presence of the press and the public and that Hand was not followed in this case. Should Hand have been followed? The inescapable conclusion is that the trial judge erred in failing to do so.
The procedure in Hand calls for the following:
1. Any request for or intent to exercise closure either by a party or the court must be filed and docketed with the clerk's office *353 a minimum of 24 hours before any hearing. A longer notice period is preferred.
2. A preclosure hearing must be conducted in which the press is allowed to intervene and argue against closure, if desired.
3. The trial court must consider and set forth reasonable alternatives to closing the proceedings and make findings of fact and conclusions of law sufficient to support the closure, including specific reasons for rejecting any alternatives considered.
4. The complete transcript of the closure hearing and of any closed proceedings must be made available to the public and the press.
571 So.2d at 945.
The responses filed in this case state that a motion for individual voir dire was filed by the defense and discussed in a hearing open to the public and press on February 3, 1993. The decision was made by the court that those jurors who indicated that they had been exposed to pretrial publicity would be individually voir dired regarding that exposure. Closure was not specifically mentioned in the motion or at that hearing, and no order was entered indicating that the individual voir dire would be closed.
On September 7, 1993, at the beginning of the voir dire, the trial judge explained that the individual voir dire procedure would be held in a room adjoining the courtroom. At this point the petitioners objected. The trial judge did not conduct a hearing, even after being requested to do so, nor did the trial judge make specific findings as to the closed proceedings. On September 8, the trial judge indicated that the procedure for individual voir dire in the Evans' case was identical to the procedure in Holland v. State, 587 So.2d 848 (Miss. 1991). However, the procedure used in Holland a case tried prior to Hand, is not clear, and this case was tried prior to the decision in Hand. The trial judge held that he was not required to follow Hand based upon U.S. v. Edwards, 823 F.2d 111 (5th Cir.1987) and Mississippi Publishers Corp. v. Coleman, 515 So.2d 1163 (Miss. 1987), both cases which predate this Court's decision in Hand. Both Edwards and Coleman are factually distinguishable and are not controlling in this case.
In Coleman, the trial court, on motion by defendant Marion Albert Pruett, closed pretrial hearings and jury selection to the public and the press. Prior to doing so, the trial court conducted a hearing on the motion and entered an order containing specific findings of fact and a finding that the court had considered less restrictive alternatives to closure. 515 So.2d at 1164. The closure order was limited, and the petitioner was "to be granted access to a complete transcript of all closed, pre-trial proceedings." Id. at 1166. The procedure followed was substantially that which this Court adopted in Hand. In the present case, no public notice was given, no preclosure hearing was conducted, no order entered and no specific findings supporting the decision were made.
In Edwards, the district court, without a preclosure hearing, closed the proceedings mid-trial to investigate allegations of juror misconduct. The court also sealed the record of the proceedings and prohibited all participants from discussing the proceedings. Following the trial, the sealed transcript was released to the public with the names of the jurors removed and the prohibition from public comment was lifted. 823 F.2d at 113-114. A distinguishing factor in Edwards is the point in the trial in which the closure occurred and the exigent circumstances. In the present case there were no exigent circumstances or any allegations of juror misconduct. This was also not a case tried in a Mississippi state court after this Court's decision in Hand.
The present case was closed during voir dire, a critical portion of the trial that must remain open unless the procedure in Hand is followed. As noted in Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 505, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (Press-Enterprise I), "since the development of trial by jury, the process of selection of jurors has presumptively been a public process with exceptions only for good cause shown."
This Court does not find or suggest that individual sequestered voir dire should never be conducted. This Court finds that the procedural safeguards outlined in Hand are a condition precedent to closure. There *354 are many circumstances in which "good cause" would require closure. "Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." Press-Enterprise I, 464 U.S. at 509, 104 S.Ct. at 823. The lower court failed to follow the proper procedure; therefore, this Court cannot comment on whether there was "good cause" in the present case since there are no factual findings supporting the trial court's decision.
The State requested sanctions against the petitioners. The Petitioners were within their rights in seeking relief, and the request for sanctions is denied.
Petitioners have requested and will be granted the release of the complete transcript of any closed proceedings. A copy of the transcript of the closed proceedings in this case will be made available under the procedure and at the costs which normally apply. As recognized in Edwards, "the availability of the transcript is the key to satisfying the constitutional values of public scrutiny." 823 F.2d at 118. In this and future criminal proceedings, all trial courts will insure that the transcript is released as soon as possible after the closed proceedings.
This Court reiterates that the procedure set out in Gannett River States Pub. Co. v. Hand is the proper procedure to be followed in all criminal cases involving any closure of any trial proceedings to the public and press.

CONCLUSION
The procedures in Hand should have been followed prior to closing any portion of the voir dire process in this case. Failure to do so was clear error on the part of the trial judge. The Hand procedure is not optional. In any criminal case in which any portion of the trial proceedings are closed to the public and the press, the proper procedural safeguards must be exercised. In this case, the petitioners are entitled to access to the transcript of the closed proceedings. Other relief requested is denied.
WRIT OF MANDAMUS IS GRANTED IN PART, DENIED IN PART AS MOOT.
PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
DAN M. LEE, P.J., concurs in results only.
HAWKINS, C.J., not participating.